# Exhibit A

IN THE CIRCUIT COURT OF FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

BRENDA TYSON, individually, as the natural daughter
and a wrongful death beneficiary of the life of BONNIE H.
BARDWELL, and as Administratrix of the Estate of
BONNIE H. BARDWELL, Deceased                                    PLAINTIFF

V.                                                              NO. 15-356

LAKELAND NURSING AND
REHABILITATION CENTER, LLC;
and DEFENDANTS A THROUGH M                                      DEFENDANTS

## SUMMONS

THE STATE OF MISSISSIPPI

TO:   Lakeland Nursing and Rehabilitation Center, LLC
      United Corporate Services, Inc.
      401 East Capitol 100-M Heritage Building
      Jackson, MS 39201

## NOTICE TO DEFENDANT

**THE COMPLAINT AND CERTIFICATE OF CONSULTATION WHICH ARE ATTACHED TO THIS SUMMONS ARE IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to Wayne E. Ferrell, Jr., the attorney for the Plaintiff, whose address is Post Office Box 24448, 405 Tombigbee Street, Jackson, Mississippi 39225-4448. Your response must be mailed or delivered within thirty (30) days from the date of delivery of this Summons and Complaint or a Judgment by default will be entered against you for the money or other things demanded in the Complaint.

You must also file the original of your response to this Complaint with the Clerk of this Court within thirty (30) days from the date of delivery of this Summons and Complaint.

Issued under my hand and seal of said Court, this the 13 day of July, 2015.

BARBARA DUNN, CIRCUIT CLERK

_____
DEPUTY CLERK

(SEAL)

## PROOF OF SERVICE-SUMMONS

TO: Lakeland Nursing and Rehabilitation Center, LLC
United Corporate Services, Inc.
401 East Capitol 100-M Heritage Building
Jackson, MS 39201

I, the undersigned process server, served the SUMMONS, COMPLAINT AND CERTIFICATE OF CONSULTATION upon the person or entity named above in the manner set forth below:

\_\_\_\_ FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.
By mailing (by first class mail, postage prepaid), on the date stated in the attached Notice, copies to the person served, together with copies of the form of Notice and Acknowledgment and return envelope, postage prepaid, addressed to the sender.

\_\_\_\_ PERSONAL SERVICE.
I personally delivered copies to _____ on the \_\_\_\_ day of _____, 2015, where I found said person in _____ County of the State of Mississippi.

\_\_\_\_ RESIDENCE SERVICE.
After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, Mississippi. I served the Summons and Complaint on the \_\_\_\_ day of _____, 2015, at the usual place of abode of said person by leaving a true copy of the Summons and Complaint with _____, who is the _____, a member of the family of the person served above the age of sixteen years and willing to receive the Summons and Complaint, and thereafter on the \_\_\_\_ day of _____, 2015, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of abode where the copies were left.

\_\_\_\_ CERTIFIED MAIL SERVICE.
By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served.

At the time of service, I was at least eighteen years of age and not a party to this action.

This the \_\_\_\_ day of _____, 2015.

_____
PROCESS SERVER

SWORN TO AND SUBSCRIBED BEFORE ME, this the \_\_\_\_ day of _____ 2015.

_____
NOTARY PUBLIC

My Commission expires:

IN THE CIRCUIT COURT OF FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

**FILED**

JUL 08 2015

BARBARA DUNN, CIRCUIT CLERK
By_____ K.K.

BRENDA TYSON, individually, as the natural daughter
and a wrongful death beneficiary of the life of BONNIE H.
BARDWELL, and as Administratrix of the Estate of
BONNIE H. BARDWELL, Deceased                                    PLAINTIFF

V.                                                              NO. 15-356

LAKELAND NURSING AND
REHABILITATION CENTER, LLC;
and DEFENDANTS A THROUGH M                                      DEFENDANTS

## COMPLAINT
### Jury Trial Requested

Plaintiff, by and through her attorney of record, file this her causes of action against the Defendants and alleges the following:

### PARTIES

1.  Plaintiff, Brenda Tyson, appears in this case as a Plaintiff (individually, as Administratrix of the Estate of Bonnie H. Bardwell, Deceased, as the natural daughter of Bonnie H. Bardwell, Deceased and as wrongful death beneficiary of Bonnie H. Bardwell). Brenda Tyson is an adult resident citizen of Rankin County, Mississippi, whose residence address is 141 Ann Drive Pearl, Mississippi 39208.

2.  Defendant, Lakeland Nursing and Rehabilitation Center, LLC, is a limited liability corporation, which is organized and existing under and by virtue of the laws of the State of Mississippi. Lakeland Nursing and Rehabilitation Center is doing business in Mississippi and has appointed United Corporate Services, Inc., as its registered agent for service of process. Lakeland Nursing and Rehabilitation Center has its principal place of business located at 401 East Capitol 100-

M Heritage Building, Jackson, Mississippi, in the First Judicial District of Hinds County, Mississippi, and may be served with process of this Court by serving United Corporate Services, Inc., at its address of 401 East Capitol 100-M Heritage Building, Jackson, MS 39201.

3. The identities of Defendants A through M are unknown at this time, but Defendants A through M are believed to be entities and/or adult resident citizens of the First Judicial District of Hinds County, Mississippi, who treated and/or were responsible for the care and treatment of Bonnie H. Bardwell while she was alive. Defendants A through M are unknown at this time, and their liabilities to the Plaintiff's decedent, and to the Plaintiff, are unknown at this time. Plaintiff intends to amend and add Defendants A through M as Defendants in this case once their liabilities and responsibilities to the Plaintiff's decedent and Plaintiff are ascertained and once their identities are known to the Plaintiff.

4. At all relevant times, Defendants were acting in concert with each other and as such were and are the agents for each other and liable for each others actions, conduct, errors and omissions pursuant to the laws of Master/Servant, Principal/Agent, Employer/Employee, and respondeat superior. Defendants were acting in the furtherance of each others' business or interests and as such are responsible and liable for each others' actions, conduct and/or omissions.

### COUNT I

5. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein.

6. On July 3, 2013, Bonnie H. Bardwell, Deceased was a patient at St. Dominic's Medical Center in Jackson, Mississippi, having been admitted due to the adverse affect of a

2

decubitus ulcer that was not appropriately treated during her residency at the Lakeland Nursing and Rehabilitation Center.

7. In the months after the formation of the decubitus ulcer, Brenda Tyson, the natural daughter of Bonnie H. Bardwell, visited her mother on a regular basis while she was a resident of Lakeland Nursing and Rehabilitation Center and kept watch over her care. Brenda Tyson continually witnessed Lakeland Nursing and Rehabilitation Center, LLC; and Lakeland Nursing and Rehabilitation Center's officers, representatives, employees, co-partners, LLC members, nurses, staff members, directors, attendants, agents, and physicians (hereinafter collectively referred to as "Lakeland") failing to provide reasonable and proper care to Bonnie H. Bardwell. Further, Brenda Tyson watched as Lakeland nurses, employees and others failed to follow physician's orders concerning the treatment and care of her decubitus ulcer. Lakeland failed to abide by standard nursing home procedures by failing to follow physician's orders for the treatment and care of the decubitus ulcer by leaving Bonnie H. Bardwell in an unclean state and by leaving Bonnie H. Bardwell for extended periods of time in her own excrement which caused infection of the decubitus ulcer and sepsis. Lakeland's negligent treatment of Bonnie H. Bardwell caused her to have infection and Bonnie H. Bardwell was transferred to St. Dominic's Hospital where she died from Lakeland's negligent conduct and the infection it caused.

8. Lakeland accepted Plaintiff's decedent, Bonnie H. Bardwell, as a nursing home patient and undertook a duty to examine her; to provide appropriate care for Bonnie H. Bardwell; to watch and observe Bonnie H. Bardwell at frequent intervals; to provide appropriate treatment; to adequately follow physician's orders regarding offloading and decubitus ulcer prevention; and to adequately follow physician's orders for the treatment and healing of decubitus ulcers. Defendant,

3

Lakeland, had a duty to care for Bonnie H. Bardwell in a safe and proper manner; had a duty to watch and monitor Bonnie H. Bardwell's condition at frequent intervals; had a duty to prevent the formation of a decubitus ulcer; and had a duty to take special precautions in the treatment and healing of her decubitus ulcer. Lakeland committed negligent acts or omissions in failing to properly care for, observe, monitor, and treat Bonnie H. Bardwell while she was alive, and the Defendant's, Lakeland, negligence caused or allowed Bonnie H. Bardwell to form a decubitus ulcer and allowed her condition to become septic, which ultimately caused Bonnie H. Bardwell's death.

9. Bonnie H. Bardwell, deceased, while in the care of the Defendant, Lakeland, was not offloaded as directed by physicians and she developed a decubitus ulcer. The ulcer was not treated pursuant to the physician's orders, and Ms. Bardwell was left alone and unattended for hours at a time; left often in her own excrement with the ulcer being unprotected and became susceptible to infection. Lakeland and its nurses, employees and representatives negligently failed to treat Ms. Bardwell's infection and her condition became increasingly worse, causing sepsis which required hospitalization. The negligence of the Defendant, Lakeland, caused damages to Ms. Bardwell and damages to the Plaintiff after Ms. Bardwell's death.

10. Lakeland Nursing and Rehabilitation Center, and its officers, representatives, employees, co-partners, LLC members, nurses, staff members, directors, attendants, agents, and physicians (for which Lakeland Nursing and Rehabilitation Center, a Mississippi limited liability corporation, is responsible pursuant to the laws of Master/Servant, Principal/Agent, Employer/Employee, and respondeat superior) were negligent, and their negligence was a contributing proximate cause of Bonnie H. Bardwell's decubitus ulcer; her infection; her pain and suffering; mental anguish; and other damages that Bonnie H. Bardwell sustained after her ulcer

4

developed and which became septic before her death; and the Plaintiff's damages after the death of Bonnie H. Bardwell.

WHEREFORE PREMISES CONSIDERED, Plaintiff demands Judgment of and from the Defendant, Lakeland, on Count I of this Complaint for the actual damages sustained by Bonnie H. Bardwell before her death and the Plaintiff after Ms. Bardwell's death in a sum that is adequate to compensate the Plaintiff for the injuries and damages to Bonnie H. Bardwell before her death and to the Plaintiff after Bonnie H. Bardwell's death; punitive damages in a sum sufficient to deter the Defendant, Lakeland, from such reckless and oppressive conduct in the future; post judgment interest; prejudgment interest; and all costs.

## COUNT II

11. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein.

12. The Defendant, Lakeland, entered into agreements and/or contracts with the Plaintiff's decedent or someone on her behalf, to provide prompt, skillful, and diligent nursing care, medical care, nursing home care, attention, frequent surveillance, non medical treatment, care and services to Bonnie H. Bardwell; to maintain and restore her health to the extent reasonably and medically possible; to perform the care and services to Bonnie H. Bardwell in a good and workmanlike manner; to monitor Bonnie H. Bardwell frequently; and to exercise care and skill expected of specialists providing care to the disabled, elderly, and more particularly to Bonnie H. Bardwell. The Defendant, Lakeland, further agreed as a part of its contracts and agreements with Bonnie H. Bardwell that it would monitor Bonnie H. Bardwell while she was in the nursing home; provide prompt, skillful and diligent medical and nursing care, frequent attention and surveillance

5

of Bonnie H. Bardwell; non medical treatment; care and services to Bonnie H. Bardwell; to maintain and/or restore her health to the extent reasonably and medically possible; to perform the care and services to Bonnie H. Bardwell in a good and workmanlike manner; and to exercise care and skill expected of specialists providing care to the disabled and elderly, and more particularly to Bonnie H. Bardwell. The Defendant, Lakeland, also contracted and agreed that it would care for Bonnie H. Bardwell and that Bonnie H. Bardwell would not develop a decubitus ulcer; would not have inadequate care required for the proper healing of the decubitus ulcer. The Defendant, Lakeland, breached its contracts and agreements with Bonnie H. Bardwell and its breaches and failures to provide adequate care to Bonnie H. Bardwell caused her to have an infection and subsequently a septic condition and ultimately her death.

13. Plaintiff and Plaintiff's decedent duly performed all the terms and conditions of the agreements to be performed on their part but the Defendant, Lakeland, willfully breached the contracts and agreements with Bonnie H. Bardwell.

14. Prior to Ms. Bardwell's hospitalization at St. Dominic's Hospital, the Defendant, Lakeland, was in charge and were responsible for the frequent and continuous care, treatment, and observation of Bonnie H. Bardwell at the Lakeland Nursing and Rehabilitation Center.

15. Defendant, Lakeland, in the course of its care and treatment of Bonnie H. Bardwell, breached its contracts and/or agreements by negligently performing the care, treatment, observation of Bonnie H. Bardwell in an unworkmanlike, unprofessional and unskilled manner; by injuring and maiming Bonnie H. Bardwell before her death; by permanently damaging Bonnie H. Bardwell's body and allowing her condition to deteriorate to the point where a decubitus ulcer formed; by allowing the decubitus ulcer to become infected, causing a septic condition; which required Bonnie

H. Bardwell to be hospitalized and ultimately caused her death. Further, the Defendant, Lakeland, breached its contracts and agreements with Bonnie H. Bardwell which caused Bonnie H. Bardwell pain and suffering; mental anguish and other damages after the Defendant's, Lakeland, negligence; by causing Bonnie H. Bardwell to suffer excruciating pain, mental anguish, anxiety, loss of joy of life after her injuries and before her death; and by causing the Plaintiff's damages after the death of Bonnie H. Bardwell.

WHEREFORE PREMISES CONSIDERED, Plaintiff demands Judgment of and from the Defendant, Lakeland, on Count II of this Complaint for her actual damages sustained by Bonnie H. Bardwell after Defendant's, Lakeland, negligent treatment of Bonnie H. Bardwell before her death and the Plaintiff's damages after the death of Bonnie H. Bardwell in a sum that is adequate to compensate the Plaintiff for the injuries and damages to Bonnie H. Bardwell and to the Plaintiff; punitive damages in a sum sufficient to deter the Defendant, Lakeland, from such reckless and oppressive conduct in the future; post judgment interest; prejudgment interest; and all costs.

## COUNT III

16. Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein.

17. Bonnie H. Bardwell, Deceased, was reasonably well before July 3, 2013, when she was admitted for care and treatment to the nursing home, owned and operated by Lakeland. Lakeland began treating and providing nursing home services to Bonnie H. Bardwell and agreed to be responsible for observing, watching, and making sure that Bonnie H. Bardwell had proper rotations and offloading to prevent the development of decubitus ulcers or serious injuries and

7

damages. The Defendant, Lakeland, also assumed responsibility for the observation, care, treatment, and maintenance of Bonnie H. Bardwell and medical and non medical care.

18. In the course of her care and treatment at Lakeland Nursing and Rehabilitation Center, Bonnie H. Bardwell was cared for and treated by the nurses and other staff members who, at all times herein mentioned, were acting within the course and scope of their employment with the Defendant, Lakeland Nursing and Rehabilitation Center. During the course of Bonnie H. Bardwell's care and treatment at Lakeland prior to Bonnie H. Bardwell's death, Bonnie H. Bardwell was not rotated and/or offloaded on a regular basis even though Lakeland and its nurses, employees and staff knew and were aware that Bonnie H. Bardwell required this type of attention and care. Brenda Tyson reminded the Defendant, Lakeland, that Bonnie H. Bardwell needed her position to be rotated and/or offloaded to prevent the formation of decubitus ulcers, and Bonnie H. Bardwell should be observed and monitored at frequent intervals. Brenda Tyson was advised that her mother, Bonnie H. Bardwell, had developed a decubitus ulcer and the Lakeland nurses and staff refused to follow physician's orders, regarding the care and treatment of the decubitus ulcer, which caused infection and later a deadly septic condition, all of which does not happen in the absence of negligence.

19. At all relevant times after Bonnie H. Bardwell was admitted to Lakeland Nursing and Rehabilitation Center for treatment, observation, nursing care, and nursing home care, Lakeland was in exclusive control of the body of Bonnie H. Bardwell; Bonnie H. Bardwell's care and treatment; the type and manner of care and treatment rendered to Bonnie H. Bardwell; the procedures used to care for and treat Bonnie H. Bardwell; the monitoring of Bonnie H. Bardwell; and the routine (non medical) care of Bonnie H. Bardwell.

20.     The Defendant, Lakeland, was negligent individually and was negligent by virtue of the negligent acts of its employees, agents, and representatives, since had due care been exercised during Bonnie H. Bardwell's treatment, care, observation, routine medical and non medical care, no further injury would not have occurred to Bonnie H. Bardwell, nor would Bonnie H. Bardwell have died as a result of the acts or omissions of the Defendant, Lakeland.

21.     Bonnie H. Bardwell, after Lakeland negligently failed to care for, treat, observe and provide nursing care) sustained serious and a large decubitus ulcer to her body, which became infected and septic. Bonnie H. Bardwell ultimately died as a result of the negligence of the Defendant, Lakeland. The decubitus ulcer, the resultant infection, sepsis and the ultimate death of Bonnie H. Bardwell does not happen or occur in the absence of negligence. The Defendant, Lakeland, are liable to the Plaintiff for negligence pursuant to *res ipsa loquitur*, and are liable for Bonnie H. Bardwell's actual damages and punitive damages.

WHEREFORE PREMISES CONSIDERED, Plaintiff demands Judgment of and from the Defendant, Lakeland, on Count III of this Complaint for the actual damages sustained by Bonnie H. Bardwell before her death and the Plaintiff's damages after the death of Bonnie H. Bardwell in a sum that is adequate to compensate Plaintiff for the injuries and damages to Bonnie H. Bardwell and to the Plaintiff; punitive damages in a sum sufficient to deter the Defendant, Lakeland, from such reckless and oppressive conduct in the future; post judgment interest; prejudgment interest; and all costs.

## COUNT IV

22.     Plaintiff adopts by reference and realleges each and every allegation of all paragraphs of this Complaint the same as though specifically set out herein.

23. The Defendant's, Lakeland, nurses, physicians and other employees who were responsible for properly treating Bonnie H. Bardwell did not have sufficient training, experience, and skills and they treated Plaintiff's decedent with a conscious disregard and indifference to Bonnie H. Bardwell's health, welfare, and condition. As a direct and proximate result of the conscious disregard for Bonnie H. Bardwell's health, welfare, and condition, the Plaintiff and Bonnie H. Bardwell's estate are entitled to actual damages, plus punitive damages, in an amount sufficient to deter the Defendant, Lakeland, from such oppressive and reckless conduct in the future.

WHEREFORE PREMISES CONSIDERED, Plaintiff demands Judgment of and from the Defendant, Lakeland, on Count IV of this Complaint for the actual damages sustained by Bonnie H. Bardwell after the formation of the decubitus ulcer on her body and the infection and sepsis that ensued and before her death, and the Plaintiff's damages after the death of Bonnie H. Bardwell in a sum that is adequate to compensate her for the injuries and damages to Bonnie H. Bardwell and to the Plaintiff; punitive damages in a sum sufficient to deter the Defendant, Lakeland, from such reckless and oppressive conduct in the future; post judgment interest; prejudgment interest; and all costs.

## AD DAMNUM

WHEREFORE PREMISES CONSIDERED, Plaintiff demands Judgment of and from the Defendant, Lakeland, for the actual damages sustained by Bonnie H. Bardwell after the formation of the decubitus ulcer on her body and the infection and sepsis that ensued and before her death, and the Plaintiff's damages after the death of Bonnie H. Bardwell in a sum that is adequate to compensate her for the injuries and damages to Bonnie H. Bardwell and to the Plaintiff; punitive

damages in a sum sufficient to deter the Defendant, Lakeland, from such reckless and oppressive conduct in the future; post judgment interest; prejudgment interest; and all costs.

Respectfully submitted, this the 6th day of July, 2015.

                                   PLAINTIFF

                              By:  _____
                                   WAYNE E. FERRELL, JR.

WAYNE E. FERRELL, JR.
Mississippi Bar No. 5182
Attorney at Law
Law Offices of Wayne E. Ferrell, Jr., PLLC
405 Tombigbee Street
Post Office Box 24448
Jackson, Mississippi 39225-4448
(601) 969-4700

IN THE CIRCUIT COURT OF FIRST JUDICIAL DISTRICT
OF HINDS COUNTY, MISSISSIPPI

**FILED**
JUL -6 2015
BARBARA DUNN, CIRCUIT CLERK
BY_____ D.C.

BRENDA TYSON, individually, as the natural daughter
and a wrongful death beneficiary of the life of BONNIE H.
BARDWELL, and as Administratrix of the Estate of
BONNIE H. BARDWELL, Deceased

PLAINTIFF

V.

NO. 15-356

LAKELAND NURSING AND
REHABILITATION CENTER, LLC;
and DEFENDANTS A THROUGH M

DEFENDANTS

## CERTIFICATE OF CONSULTATION

COMES NOW the undersigned counsel, Wayne E. Ferrell, Jr., for and on behalf of the Plaintiffs and makes this his Certificate of Consultation, in accordance with Section 11-1-58(1)(a) of the *Mississippi Code of 1972, Annotated*, as amended, that he has reviewed the facts of the case and has consulted with at least one (1) expert qualified pursuant to the *Mississippi Rules of Civil Procedure* and the *Mississippi Rules of Evidence*, who is qualified to give expert testimony as to the standard of care or negligence and who the undersigned reasonably believes is knowledgeable in the relevant issues involved in the aforesaid civil action. The undersigned counsel further certifies and states and has concluded on the basis of such review and consultation that there is a reasonable basis for the commencement of this civil action.

SO CERTIFIED this the 6th day of July, 2015.

By: _____
WAYNE E. FERRELL, JR.
ATTORNEY FOR PLAINTIFF

WAYNE E. FERRELL, JR.
Mississippi Bar No. 5182
Law Offices of Wayne E. Ferrell, Jr., PLLC
405 Tombigbee Street
Post Office Box 24448
Jackson, Mississippi 39225-4448
(601) 969-4700